UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NOS.  CR-07-2020-LRS-3 |
| Respondent, | ) | CV-09-3008-LRS |
| | ) | |
| -vs- | ) | |
| | ) | ORDER DENYING 28 U.S.C. §2255 |
| JOSE SANCHEZ-CARDENAS, | ) | MOTION |
| | ) | |
| Petitioner. | ) | |

Before the Court is Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed January 21, 2009 (Ct. Rec. 283 in CR-07-2020-LRS, Ct. Rec. 1, CV-09-3008-LRS).  The Motion is submitted by Jose Sanchez-Cardenas, who is appearing *pro se* for the purpose of these proceedings.

### I. BACKGROUND

Mr. Jose Sanchez-Cardenas was indicted on February 13, 2007 for Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §846; and Possession of a Controlled Substance With Intent to Distribute in violation of 21 U.S.C. §841(a)(1).

Mr. Sanchez-Cardenas pleaded guilty to Count One of the Indictment on October 11, 2007 with a written plea agreement (Ct. Rec. 145).  On January 10, 2008, Mr. Sanchez-Cardenas was sentenced to a 120-month term of imprisonment with five years supervised release; and a special assessment of $100.  Mr. Sanchez-Cardenas filed a direct

ORDER - 1

appeal of his judgment and sentence on January 17, 2008.  The United States Court of Appeals for the Ninth Circuit entered a Default Notice on January 27, 2009 as Appellant failed to file an opening brief.  On February 12, 2009, Mr. Sanchez-Cardenas's attorney filed what the Ninth Circuit Court of Appeals construed as a motion for relief from default. Mr. Sanchez-Cardenas then moved for voluntary dismissal of his appeal and the appeal was dismissed on September 2, 2009.  Ct. Rec. 297.

Mr. Sanchez-Cardenas contends that his sentence is unconstitutional based on essentially one ground:  Ineffective Assistance of Counsel.  Ct. Rec. 283, at 5-10 in 07-CR-2020-LRS-3. Mr. Sanchez-Cardenas requests an evidentiary hearing to present all relevant evidence.  Id. at 14.

## II. DISCUSSION

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A petitioner is entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255, unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief. This inquiry necessitates a twofold analysis: (1) whether the petitioner's allegations specifically

delineate the factual basis of his claim; and, (2) even where the allegations are specific, whether the records, files and affidavits are conclusive against the petitioner. *United States v. Taylor*, 648 F.2d 565, 573 (9th Cir.), cert. denied, 454 U.S. 866 (1981) (internal quotations, citations and footnote omitted).

This Court has carefully reviewed the record and, for the reasons set forth more fully below, concludes Petitioner is not entitled to an evidentiary hearing. A habeas corpus petitioner is entitled to an evidentiary hearing in federal court if he alleges facts which, if proven, would entitle him to habeas corpus relief. *Smith v. Singletary*, 170 F.3d 1051, 1053-54 (11th Cir.1999) (citation omitted); *Cave v. Singletary*, 971 F.2d 1513, 1516 (11th Cir.1992) (citing *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)). Here, the pertinent facts of the case are fully developed in the record before the Court. *Smith*, 170 F.3d at 1054 (stating that a district court does not need to conduct an evidentiary hearing "if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel"). No evidentiary proceedings are required in this Court. *High v. Head*, 209 F.3d 1257, 1263 (11th Cir.2000) (citing *McCleskey v. Zant*, 499 U.S. 467, 494, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)), *cert. denied*, 532 U.S. 909, 121 S.Ct. 1237, 149 L.Ed.2d 145 (2001).

Further, the statute provides that only if the motion, file, and records "conclusively show that the movant is entitled to no relief" may the Court summarily dismiss the Motion without sending it to the United States Attorney for response.  28 U.S.C. § 2255.  The Rules

regarding section 2255 proceedings similarly state that the Court may summarily order dismissal of a § 2255 motion without service upon the United States Attorney only "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." Rule 4(a), RULES-SECTION 2255 PROCEEDINGS.  Thus, when a movant fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion.  *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States,* 772 F.2d 525, 526 (9th Cir. 1985).

### A.   GROUNDS ONE-FOUR–INEFFECTIVE ASSISTANCE OF COUNSEL

Although not abundantly clear, it appears Petitioner is arguing that his attorney allegedly deceived him, coerced and erroneously advised him, inducing him to sign the plea agreement under duress. Ct. Rec. 283 at 5.  In support of this argument, Mr. Sanchez-Cardenas alleges that his attorney Mr. Mendoza deprived him of his constitutional right to effective assistance of counsel, particularly during the plea stage.  In support of his ineffective counsel claim, Mr. Sanchez-Cardenas alleges:

1) His attorney was instructed to file a motion regarding a letter from Petitioner's co-defendant [Daniel Rivera] explaining that Mr. Sanchez-Cardenas "had nothing to do with the whole case or in part."  His attorney declined to do so amounting to ineffective assistance of counsel.

ORDER - 4

2) His attorney failed to provide a [sic] psychiatric testimony. Mr. Sanchez-Cardenas states he directed his attorney to file a motion for him to be diagnosed by a psychiatrist to prove to the court of "my inability to comprehend." His attorney found it was not necessary. His attorney also allegedly would not allow him to speak and Sanchez-Cardenas states he could have defended himself.

3) His attorney improperly exerted pressure on him, misrepresented material facts, and allegedly withheld information in order to induce a guilty plea. Sanchez-Cardenas claims he was under duress and his attorney urged him to sign the plea agreement. Ct. Rec. 283, at 8.

4) His attorney gave erroneous information as to his sentence telling him that he would serve only 24 months. His attorney failed to present the defenses he promised.

After a careful review of the transcripts and file, the Court rejects Mr. Sanchez-Cardenas' arguments, and concludes that defense counsel's performance was not deficient. There is no showing that counsel's efforts were not those of a reasonably competent practitioner. He points to no deficient performance by counsel which prejudiced his case or deprived him of an opportunity to have a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). There is likewise no evidence that Mr. Sanchez-Cardenas' plea of guilty was involuntarily entered.

In addressing the issue of ineffective assistance of counsel, the Court is guided by the now-familiar construct *of Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which

the petitioner acknowledges is the relevant standard.  As required by that analytical framework:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

Establishing these two elements is not easy: "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir.1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.1994)).

In *Groseclose v. Bell*, 130 F.3d 1161, 1167 (6th Cir.1997), discussing the first prong of the *Strickland* analysis, the Sixth Circuit recognized:

> The [Supreme] Court cautioned that in undertaking an ineffective-assistance review, "[j]udicial scrutiny of counsel's performance must be highly deferential," and must avoid the "second-guess[ing of] counsel's assistance ..., [as] it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689.  In order to avoid "the distorting effects of hindsight," a reviewing "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action 'might be considered sound trial strategy.' ' *Id* . (citation omitted).

1    Furthermore, in evaluating the prejudice suffered by a petitioner

2  as a result of alleged ineffective assistance of counsel, "[i]t is not

3  enough for the defendant to show that the errors had some conceivable

4  effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693.

5  Indeed, "[v]irtually every act or omission of counsel would meet that

6  test, and not every error that conceivably could have influenced the

7  outcome undermines the reliability of the result of the proceeding."

8  *Id.* (citation omitted).  Rather, the petitioner "must show that there

9  is a reasonable probability that, but for counsel's unprofessional

10  errors, the result of the proceeding would have been different.  A

11  reasonable probability is a probability sufficient to undermine

12  confidence in the outcome." *Id.* at 694.

13    Finally, in conducting this inquiry, we need not apply

14  *Strickland*'s  principles in a mechanical fashion. As the Supreme Court

15  explained:

16        [A] court need not determine whether counsel's
        performance was deficient before examining the
17        prejudice suffered by the defendant as a result of the
        alleged deficiencies. The object of an ineffectiveness
18        claim is not to grade counsel's performance. If it is
        easier to dispose of an ineffectiveness claim on the
19        ground of lack of sufficient prejudice, which we
        expect will often be so, that course should be
20        followed.
   *Id.* at 697.

21

22    The Court begins its review by either determining whether

   counsel's performance was deficient, or by determining any possible
23
   prejudice suffered by Mr. Sanchez-Cardenas. In either event, the
24
   result in this case is identical.
25

26

ORDER - 7

1    Based on a review of the change of plea colloquy that was
2    transcribed from the October 11, 2007 change of plea hearing,  Mr.
3    Sanchez-Cardenas indicated that he had an adequate opportunity to
4    discuss with his attorney the charge against him and any possible
5    defenses.  Further, Mr. Sanchez-Cardenas indicated that he was fully
6    satisfied with the services, consultation and advice of defense
7    counsel and acknowledged he was facing a minimum term of 10 years in
8    prison.  Reporter's Transcript, Ct. Rec. 263 at 4-5. This evidence
9    undermines Petitioner's claim that he was coerced or induced into
10   accepting a guilty plea.  Petitioner also agreed at the change of plea
11   hearing that the facts alleged by the government constituting a
12   factual basis for his guilty plea were true and correct and could be
13   proven beyond a reasonable doubt.  Id. at 8-9.

14       The record additionally contains no evidence that Mr. Sanchez-
15   Cardenas' attorney breached his ethical duty or other duties in
16   representing the Petitioner.   Mr. Sanchez-Cardenas also had every
17   opportunity to speak directly to the Court as to matters that he now
18   states his attorney failed to raise in his change of plea and in
19   sentencing.  Reporter's Transcript, Ct. Rec. 263 at 5; Ct. Rec. 264.

20       Finally, given the mandatory minimum imposed of ten years for the
21   charge brought and admissions of guilt, there is no indication that
22   Mr. Sanchez-Cardenas was prejudiced, i.e., that he would have received
23   a lesser sentence than 120 months, the sentence he received, which was
24   the statutory mandatory minimum.  Even assuming arguendo deficient
25   performance by defense counsel, Petitioner has not shown prejudice.
26   Under the prejudice prong of the inquiry, Petitioner "must

ORDER - 8

affirmatively prove prejudice by showing that counsel's errors actually had an adverse effect on the defense." *United States v. Freixas*, 332 F.3d 1314, 1320 (11th Cir.2003).  This showing requires "more than some conceivable effect on the outcome of the proceeding." *Id.*  Here, Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his attorney had given the assistance that Petitioner has alleged he should have provided. This ineffectiveness claim is without merit. The Court finds that the Petitioner has not provided any evidence to convince this Court that his constitutional rights were violated.

The Petitioner is not entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255.  Additionally, the Court summarily dismisses the Motion without sending it to the United States Attorney for response.  Accordingly,

### III.   CONCLUSION

The Petitioner is not entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255.  Additionally, the Court summarily dismisses the Motion without sending it to the United States Attorney for response.  Accordingly,

**IT IS ORDERED** that:

1. Mr. Sanchez-Cardenas' Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed January 21, 2009 **(Ct. Rec. 283**, CR-07-2020-LRS; **Ct. Rec. 1**, CV-09-3008-LRS) is **DENIED.**

2.  The District Court Executive is directed to:

(a) File this Order;

1        (b) Provide a copy to Petitioner **AND TO** the United States

2  Attorney, Spokane, Washington; and

3        (c) **CLOSE THESE FILES.**

4     **DATED** this 13th day of November, 2009.

5

6                              *s/Lonny R. Suko*
                    _____
7                          LONNY R. SUKO
                  CHIEF UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 10