UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,       )
                                )    NOS.  CR-07-2020-LRS-3
                Respondent,     )          CV-09-3008-LRS
                                )          CV-09-3009-LRS
    -vs-                        )
                                )    AMENDED[1] ORDER DENYING 28
JOSE SANCHEZ-CARDENAS,          )    U.S.C. §2255 MOTION
                                )
                Petitioner.     )
                                )

    Before the Court is Petitioner's 28 U.S.C. § 2255 Motions to Vacate,
Set Aside, or Correct Sentence by a Person in Federal Custody, filed
January 21, 2009 (Ct. Recs. 283, 285 in CR-07-2020-LRS-3; Ct. Rec. 1
CV-09-3008-LRS and CV-09-3009-LRS).  The Motions are submitted by Jose
Sanchez-Cardenas, who is appearing *pro se* for the purpose of these
proceedings.

                            **I. BACKGROUND**

    Mr. Jose Sanchez-Cardenas was indicted on February 13, 2007 for
Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C.
§846; and Possession of a Controlled Substance With Intent to Distribute
in violation of 21 U.S.C. §841(a)(1).

---

    [1]The order of November 13, 2009 is amended to account for
Petitioner's second §2255 motion (Ct. Rec. 285) also filed on January 21,
2009.

ORDER - 1

1    Mr. Sanchez-Cardenas pleaded guilty to Count One of the

2 Indictment on October 11, 2007 with a written plea agreement (Ct. Rec.

3 145).  On January 10, 2008, Mr. Sanchez-Cardenas was sentenced to a

4 120-month term of imprisonment with five years supervised release; and

5 a special assessment of $100.  Mr. Sanchez-Cardenas filed a direct

6 appeal of his judgment and sentence on January 17, 2008.  The United

7 States Court of Appeals for the Ninth Circuit entered a Default Notice

8 on January 27, 2009 as Appellant failed to file an opening brief.  On

9 February 12, 2009, Mr. Sanchez-Cardenas's attorney filed what the

10 Ninth Circuit Court of Appeals construed as a motion for relief from

11 default. Mr. Sanchez-Cardenas then moved for voluntary dismissal of

12 his appeal and the appeal was dismissed on September 2, 2009.  Ct.

13 Rec. 297.

14    Mr. Sanchez-Cardenas contends that his sentence is

15 unconstitutional based on essentially one ground:  Ineffective

16 Assistance of Counsel.  Ct. Rec. 283, at 5-10 in 07-CR-2020-LRS-3.

17 Mr. Sanchez-Cardenas requests an evidentiary hearing to present all

18 relevant evidence.  Id. at 14.

19                        **II. DISCUSSION**

20    28 U.S.C. § 2255 provides, in part:

21        A prisoner in custody under sentence of a court
           established by Act of Congress claiming the right to
22        be released upon the ground that the sentence was
           imposed in violation of the Constitution or laws of
23        the United States, or that the court was without
           jurisdiction to impose such sentence, or that the
24        sentence was in excess of the maximum authorized by
           law, or is otherwise subject to collateral attack, may
25        move the court which imposed the sentence to vacate,
           set aside or correct the sentence.
26

ORDER - 2

A petitioner is entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255, unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief. This inquiry necessitates a twofold analysis: (1) whether the petitioner's allegations specifically delineate the factual basis of his claim; and, (2) even where the allegations are specific, whether the records, files and affidavits are conclusive against the petitioner. *United States v. Taylor*, 648 F.2d 565, 573 (9th Cir.), cert. denied, 454 U.S. 866 (1981) (internal quotations, citations and footnote omitted).

This Court has carefully reviewed the record and, for the reasons set forth more fully below, concludes Petitioner is not entitled to an evidentiary hearing. A habeas corpus petitioner is entitled to an evidentiary hearing in federal court if he alleges facts which, if proven, would entitle him to habeas corpus relief. *Smith v. Singletary*, 170 F.3d 1051, 1053-54 (11th Cir.1999) (citation omitted); *Cave v. Singletary*, 971 F.2d 1513, 1516 (11th Cir.1992) (citing *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)). Here, the pertinent facts of the case are fully developed in the record before the Court. *Smith*, 170 F.3d at 1054 (stating that a district court does not need to conduct an evidentiary hearing "if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel"). No evidentiary proceedings are required in this Court. *High v. Head*, 209 F.3d 1257, 1263 (11th Cir.2000) (citing *McCleskey v. Zant*, 499 U.S. 467, 494, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)), *cert. denied*, 532 U.S. 909, 121 S.Ct. 1237, 149 L.Ed.2d 145 (2001).

ORDER - 3

1    Further, the statute provides that only if the motion, file, and
2    records "conclusively show that the movant is entitled to no relief"
3    may the Court summarily dismiss the motion without sending it to the
4    United States Attorney for response.  28 U.S.C. § 2255.  The Rules
5    regarding section 2255 proceedings similarly state that the Court may
6    summarily order dismissal of a § 2255 motion without service upon the
7    United States Attorney only "if it plainly appears from the face of
8    the motion and any annexed exhibits and the prior proceedings in the
9    case that the movant is not entitled to relief in the district court."
10   Rule 4(a), RULES-SECTION 2255 PROCEEDINGS.  Thus, when a movant fails to
11   state a claim upon which relief can be granted or when the motion is
12   incredible or patently frivolous, the district court may summarily
13   dismiss the motion.  *Cf. United States v. Burrows*, 872 F.2d 915, 917
14   (9th Cir. 1989); *Marrow v. United States,* 772 F.2d 525, 526 (9th Cir.
15   1985).

16   **A. SECOND OR SUCCESSIVE PETITIONS**

17   A second or successive petition may not be filed in this Court
18   unless the Petitioner first obtains from the United States Court of
19   Appeals for the Ninth Circuit an order authorizing this Court to
20   consider the petition.  28 U.S.C. § 2244(b)(3)(A).

21   In order to receive approval to proceed on a second or successive
22   petition, the Petitioner must show:

23   (1) Newly discovered evidence that, if proven and viewed in light
24   of the evidence as a whole, would be sufficient to establish by clear
25   and convincing evidence that no reasonable factfinder would have found
26   the movant guilty of the offense; or

ORDER - 4

(2) A new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. §2255.

Although it appears that Ct. Rec. 285 is a second or successive petition filed by Mr. Sanchez-Cardenas, because it was filed on the same day as Petitioner's first petition (Ct. Rec. 283), the Court will address the merits of the grounds raised in the second petition in this Amended Order.

**B. GROUNDS ONE-FOUR (Ct. Rec. 283); GROUNDS ONE-FOUR (Ct. Rec. 285)—INEFFECTIVE ASSISTANCE OF COUNSEL**

Although not abundantly clear, it appears Petitioner is arguing that his attorney allegedly deceived him, coerced and erroneously advised him, inducing him to sign the plea agreement under duress. Ct. Rec. 283 at 5.  In support of this argument, Mr. Sanchez-Cardenas alleges that his attorney Mr. Mendoza deprived him of his constitutional right to effective assistance of counsel, particularly during the plea stage.  In support of his ineffective counsel claim in Ct. Rec. 283, Mr. Sanchez-Cardenas alleges:

1) His attorney was instructed to file a motion regarding a letter from Petitioner's co-defendant [Daniel Rivera] explaining that Mr. Sanchez-Cardenas "had nothing to do with the whole case or in part."  His attorney declined to do so amounting to ineffective assistance of counsel.

2) His attorney failed to provide a [sic] psychiatric testimony. Mr. Sanchez-Cardenas states he directed his attorney to file a motion for him to be diagnosed by a psychiatrist to prove to the court of "my inability to comprehend."  His attorney found it was not necessary.

ORDER - 5

His attorney also allegedly would not allow him to speak and Sanchez-Cardenas states he could have defended himself.

3) His attorney improperly exerted pressure on him, misrepresented material facts, and allegedly withheld information in order to induce a guilty plea.  Mr. Sanchez-Cardenas claims he was under duress and his attorney urged him to sign the plea agreement. Ct. Rec. 283, at 8.

4) His attorney gave erroneous information as to his sentence telling him that he would serve only 24 months.  His attorney failed to present the defenses he promised.

In support of his ineffective counsel claim in Ct. Rec. 285, Mr. Sanchez-Cardenas alleges four additional grounds:

1) His attorney failed to prosecute direct appeal of Petitioner's sentence and conviction.  Ct. Rec. 285, at 5.

2) His sentencing and appellate attorneys rendered ineffective assistance by failing to challenge at sentencing and on appeal drug quantity attributed to Petitioner.  Ct. Rec. 285, at 6.

3) Counsel rendered ineffective assistance at sentencing in failing to seek a downward departure based on diminish [sic] capacity. Ct. Rec. 285, at 8.

4) Denial of ineffective assistance of counsel in failing to advise Petitioner of the safety valve criteria which would have reduced his sentence if he had been properly advised.  Ct. Rec. 285, at 9.

After a careful review of the transcripts and file, the Court rejects Mr. Sanchez-Cardenas' arguments, and concludes that defense counsel's performance was not deficient.  There is no showing that

ORDER - 6

counsel's efforts were not those of a reasonably competent practitioner. He points to no deficient performance by counsel which prejudiced his case or deprived him of an opportunity to have a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). There is likewise no evidence that Mr. Sanchez-Cardenas' plea of guilty was involuntarily entered.

In addressing the issue of ineffective assistance of counsel, the Court is guided by the now-familiar construct *of Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which the petitioner acknowledges is the relevant standard. As required by that analytical framework:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

Establishing these two elements is not easy: "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)).

In *Groseclose v. Bell*, 130 F.3d 1161, 1167 (6th Cir. 1997), discussing the first prong of the *Strickland* analysis, the Sixth Circuit recognized:

> The [Supreme] Court cautioned that in undertaking an ineffective-assistance review, "[j]udicial scrutiny of counsel's performance must be highly deferential," and

ORDER - 7

> must avoid the "second-guess[ing of] counsel's
> assistance ..., [as] it is all too easy for a court,
> examining counsel's defense after it has proved
> unsuccessful, to conclude that a particular act or
> omission of counsel was unreasonable." *Strickland*, 466
> U.S. at 689.  In order to avoid "the distorting
> effects of hindsight," a reviewing "court must indulge
> a strong presumption that counsel's conduct falls
> within the wide range of reasonable professional
> assistance; that is, the defendant must overcome the
> presumption that . . . the challenged action 'might be
> considered sound trial strategy." ' *Id* . (citation
> omitted).

Furthermore, in evaluating the prejudice suffered by a petitioner

as a result of alleged ineffective assistance of counsel, "[i]t is not

enough for the defendant to show that the errors had some conceivable

effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693.

Indeed, "[v]irtually every act or omission of counsel would meet that

test, and not every error that conceivably could have influenced the

outcome undermines the reliability of the result of the proceeding."

Id. (citation omitted).  Rather, the petitioner "must show that there

is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different.  A

reasonable probability is a probability sufficient to undermine

confidence in the outcome." *Id*. at 694.

Finally, in conducting this inquiry, we need not apply

*Strickland*'s  principles in a mechanical fashion. As the Supreme Court

explained:

> [A] court need not determine whether counsel's
> performance was deficient before examining the
> prejudice suffered by the defendant as a result of the
> alleged deficiencies. The object of an ineffectiveness
> claim is not to grade counsel's performance. If it is
> easier to dispose of an ineffectiveness claim on the
> ground of lack of sufficient prejudice, which we

ORDER - 8

expect will often be so, that course should be
followed.

*Id.* at 697.

The Court begins its review by either determining whether counsel's performance was deficient, or by determining any possible prejudice suffered by Mr. Sanchez-Cardenas. In either event, the result in this case is identical.

Based on a review of the change of plea colloquy that was transcribed from the October 11, 2007 change of plea hearing, Mr. Sanchez-Cardenas indicated that he had an adequate opportunity to discuss with his attorney the charge against him and any possible defenses. Further, Mr. Sanchez-Cardenas indicated that he was fully satisfied with the services, consultation and advice of defense counsel and acknowledged he was facing a minimum term of 10 years in prison. Reporter's Transcript, Ct. Rec. 263 at 4-5. This evidence undermines Petitioner's claim that he was coerced or induced into accepting a guilty plea. Petitioner also agreed at the change of plea hearing that the facts alleged by the government constituting a factual basis for his guilty plea were true and correct and could be proven beyond a reasonable doubt. Id. at 8-9.

The record additionally contains no evidence that Mr. Sanchez-Cardenas' attorney breached his ethical duty or other duties in representing the Petitioner. Mr. Sanchez-Cardenas also had every opportunity to speak directly to the Court as to matters that he now states his attorney failed to raise in his change of plea and in sentencing. Reporter's Transcript, Ct. Rec. 263 at 5; Ct. Rec. 264.

ORDER - 9

1    In regards to Mr. Sanchez-Cardenas' argument that his attorney

2  failed to challenge the drug quantity attributable to him at

3  sentencing and on appeal, the Court notes that his attorney clearly

4  negotiated a recommendation that Petitioner receive a departure based

5  on minor role under U.S.S.G. §2D1.1(a)(3).  Mr. Sanchez-Cardenas and

6  the government agreed in the plea agreement (paragraph 11) to

7  recommend that Court impose a sentence of 120 months, the applicable

8  mandatory minimum.  Although defense counsel argued for a downward

9  departure based on Petitioner's alleged minor role and objected to

10 U.S. Probation's opinion that the defendant's role in the offense was

11 not minor (Ct. Rec. 171, at 1), the sentencing judge found that based

12 on the factual basis and statement of facts beginning at page 4,

13 paragraph 6 of the plea agreement, Mr. Sanchez-Cardenas was not a

14 minor participant as defined by the Sentencing Guidelines.  The Court,

15 however, concurred with the parties' joint recommendation for

16 incarceration of 120 months, the applicable mandatory minimum, found

17 in the plea agreement at paragraph 11.  Ct. Rec. 264, at 16.

18    In regards to Mr. Sanchez-Cardenas' allegation that his attorney

19 failed to seek a downward departure based on diminished capacity, the

20 Court notes from the sentencing colloquy that Petitioner discussed his

21 medical conditions at length at the sentencing hearing.  Ct. Rec. 264,

22 at 3-9.  The Court ultimately determined that Petitioner was not

23 currently under any particular physical ailment that precluded him

24 from understanding this [legal] proceeding.  The Court found no valid

25 reason for a continuance of his sentencing hearing based upon a

26 physical condition and found there was no indication that any

information missing from the record regarding his alleged medical

ORDER - 10

1  condition(s).  *Id.* at 7.  Under these circumstances, the Court finds

2  that his attorney was not deficient by not seeking a downward

3  departure based on diminished capacity or other physical condition.

4          With regards to Petitioner's allegation that his attorney was

5  deficient by failing to inform him of the safety valve provision under

6  the Sentencing Guidelines, the Court finds this argument without

7  merit.  Petitioner was charged with a conspiracy that involved a

8  substantial amount of drugs and three firearms.[2]  The criteria for

9  safety valve applicability are as follows:

10          (1) the defendant does not have more than 1 criminal
            history point, as determined under the sentencing
11          guidelines;
            (2) the defendant did not use violence or credible
12          threats of violence or possess a firearm or other
            dangerous weapon (or induce another participant to do
13          so) in connection with the offense;
            (3) the offense did not result in death or serious
14          bodily injury to any person;
            (4) the defendant was not an organizer, leader,
15          manager, or supervisor of others in the offense, as
            determined under the sentencing guidelines and was not
16          engaged in a continuing criminal enterprise, as
            defined in section 408 of the Controlled Substances
17          Act; and
            (5) not later than the time of the sentencing hearing,
18          the defendant has truthfully provided to the
            Government all information and evidence the defendant
19          has concerning the offense or offenses that were part
            of the same course of conduct or of a common scheme or
20          plan, but the fact that the defendant has no relevant
            or useful other information to provide or that the
21          Government is already aware of the information shall
            not preclude a determination by the court that the
22          defendant has complied with this requirement.

23  Based on the three firearms involved in the crime charged against

24  Petitioner, it is unlikely he would have qualified for the safety

25

26  _____

        [2]See Plea Agreement, Factual Basis and Statement of Facts, at pages
    4-7, paragraph 6.

    ORDER - 11

1    valve.  His attorney was not deficient for failing to pursue such an

2    option.  Petitioner is incorrect when he states that there is a

3    reasonable probability that he could have received a downward

4    departure under the safety valve provision.  Ct. Rec. 285, at 9.

5        With regards to Petitioner's claim that his appellate counsel

6    "abandoned' his appeal, the Court finds that Mr. Sanchez-Cardenas has

7    not demonstrated that counsel performed deficiently and the deficiency

8    resulted in prejudice.  Based on the letters submitted by Petitioner

9    with his petition as "Exhibit A," it appears there were some

10   communication problems and some delay in Petitioner's response to

11   counsel's letter dated August 11, 2008, requesting instructions from

12   Mr. Sanchez-Cardenas on proceeding with the appeal. However, the

13   factual record is insufficient to determine the issue of whether his

14   appellate counsel abandoned the appeal as Petitioner alleges.

15   Moreover, Mr. Sanchez-Cardenas pled guilty to the charge on which he

16   was sentenced, received the statutory minimum sentence required by law

17   and expressly waived his right of appeal in the Plea Agreement

18   accepted by the Court.

19       The two-prong test of *Strickland* applies to claims of ineffective

20   assistance of appellate counsel, and thus, the defendant must show

21   that appellate counsel's performance fell below an objective standard

22   of reasonableness, and that the substandard performance caused

23   prejudice, i.e., there is a reasonable probability that but for

24   appellate counsel's errors, the appeal would have been successful.

25   *People v. Golden*, 891 N.E.2d 850 (2008).  In raising a claim that his

26   counsel was constitutionally ineffective, defendant has the burden of

     alleging a specific, serious omission or overt act upon which the

     ORDER - 12

claim of ineffective assistance of counsel can be based. *Bowles v. State*, 979 So.2d 182 (Fla.2008). To succeed on this claim, Mr. Sanchez-Cardenas must show that there is a reasonable probability that, but for appellate counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S., at 692, 104 S.Ct. 2052. Petitioner has failed to show that.

Further, raising meritless claims on appeal does not constitute ineffective assistance of appellate counsel. See *Wildman v. Johnson*, 261 F.3d 832, 840-42 (9th Cir.2001) (finding appellate counsel's failure to raise issues on direct appeal does not constitute ineffective assistance when appeal would not have provided grounds for reversal); *Jones v. Smith*, 231 F.3d 1227, 1239 n. 8 (9th Cir.2000) (same). Petitioner has failed to show that his appellate counsel was ineffective for failing to raise on appeal the claims alleged in the Petition. The Court finds the Petitioner has not met the two-prong test of *Strickland*.

Finally, given the mandatory minimum imposed of ten years for the charge brought and admissions of guilt, there is no indication that Mr. Sanchez-Cardenas was prejudiced, i.e., that he would have received a lesser sentence than 120 months, the sentence he received, which was the statutory mandatory minimum and the sentence he agreed to in the negotiated plea agreement.

Even assuming arguendo deficient performance by defense counsel, Petitioner has not shown prejudice. Under the prejudice prong of the inquiry, Petitioner "must affirmatively prove prejudice by showing that counsel's errors actually had an adverse effect on the defense." *United States v. Freixas*, 332 F.3d 1314, 1320 (11th Cir.2003). This

ORDER - 13

showing requires "more than some conceivable effect on the outcome of the proceeding." *Id.* Here, Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his attorney had given the assistance that Petitioner has alleged he should have provided. These ineffectiveness claims are without merit.  The Court finds that the Petitioner has not provided any evidence to convince this Court that his constitutional rights were violated.  Accordingly,

### III.   CONCLUSION

The Petitioner is not entitled to an evidentiary hearing on the motions to vacate his sentence under 28 U.S.C. § 2255.  Additionally, the Court summarily dismisses the motions without sending them to the United States Attorney for responses.  Accordingly,

**IT IS ORDERED** that:

1. Mr. Sanchez-Cardenas' Motions to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed January 21, 2009 **(Ct. Recs. 283 and 285**, CR-07-2020-LRS-3; **Ct. Rec. 1**, CV-09-3008-LRS and CV-09-3009-LRS) are **DENIED.**

2.  The District Court Executive is directed to:

(a) File this Order;

(b) Provide a copy to Petitioner **AND TO** the United States Attorney, Spokane, Washington; and

(c) **close these files.**

**DATED** this 23rd day of November, 2009.

*s/Lonny R. Suko*

LONNY R. SUKO
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 14