UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Respondent,<br><br>  -vs-<br><br>JOSE SANCHEZ-CARDENAS,<br><br>           Petitioner. | NOS. CR-07-2020-LRS-3<br><br>ORDER DENYING PETITIONER'S<br>RULE 60(b) MOTION |

Petitioner has filed a "Motion To Set Aside A Previous §2255 Judgment Pursuant to Fed.R.Civ.P. 60(b)(4), (5) & (6)," ECF No. 348, filed March 2, 2012. Petitioner seeks to vacate this court's order denying his 28 U.S.C. §2255 motion.

## I. BACKGROUND

On November 13, 2009, this court entered its order denying Defendant's §2255 motion (ECF No. 299), which was amended on November 23, 2009 (ECF No. 300) to account for Petitioner's second 2255 motion, also filed on January 21, 2009. On January 11, 2010, Petitioner filed a motion for issuance of certificate of appealability (ECF No. 301). On March 1, 2010, this court entered an Order Denying Certificate of Appealability (ECF No. 305). On February 28, 2011, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability (ECF No. 329).

ORDER - 1

## II. DISCUSSION

Petitioner argues in his Rule 60(b) motion that the § 2255 judgment entered on November 23, 2009 [ECF No. 300] should be set aside because this court inadvertently acted in a manner inconsistent with due process of law as prescribed by the Supreme Court in *Gonzalez v. Crosby*, 125 S.Ct. 2641, 2650 (2005). Petitioner further seeks relief under Fed.R.Civ.P. Rule 60(b)(4), (5), and (6) on "voidness" grounds because the § 2255 judgment was rendered in a manner inconsistent with due process of law based upon a new intervening decision by the Supreme Court in *Padilla v. Kentucky*, 130 S.Ct. 1473, 1480-81 (2010). ECF No. 348. Petitioner asserts that his counsel violated his professional responsibility during the plea process by failing to inform petitioner of the "sentencing consequences" of a guilty plea in application of 10-year minimum mandatory, and failed to inform petitioner of an option to mitigate such a sentence in order to satisfy a "safety-valve" beyond a flat agreement entered by petitioner. Id. at 1-2. Petitioner concludes this constituted ineffective assistance of counsel. But for his counsel's ineffective assistance, petitioner argues he would have received something less than the mandatory minimum. Id.

Petitioner seeks to vacate the §2255 judgment pursuant to Fed.R.Civ.P. 60(b). Rule 60 (b) reads, in pertinent part:

> **Rule 60. Relief From Judgment or Order**
> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation,

ORDER - 2

> or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. **The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken**. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action. [emphasis added.]

Fed.R.Civ.P. 60(b).

This court has carefully reviewed the record and concludes petitioner has not raised any new arguments nor is this a situation of newly discovered evidence. Petitioner argued ineffective assistance of counsel grounds at great lengths in his §2255 petition, which arguments the court thoroughly addressed in the Orders Denying Defendant's §2255 Motion (ECF Nos. 299, 300). Furthermore, petitioner's instant motion, brought nearly 3 years after the challenged order was entered, has not been raised within a reasonable time as required by Rule 60(b). The court finds that the subject judgment is not void for the reasons enumerated by Petitioner. Accordingly,

/ / /

/ / /

ORDER - 3

**IT IS ORDERED** that:

1. Mr. Sanchez-Cardenas' Motion To Set Aside A Previous §2255 Judgment Pursuant to Fed.R.Civ.P. 60(b)(4), (5) & (6)," **ECF No. 348**, filed March 2, 2012, is respectfully **DENIED**.

2. The District Court Executive is directed to:

    (a) File this Order; and

    (b) Provide a copy to Petitioner **AND TO** the United States Attorney, Spokane, Washington.

**DATED** this 8th day of May, 2012.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 4