UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | NOS. CR-07-2020-LRS-3 |
| Respondent, | ) | |
| | ) | |
| -vs- | ) | ORDER DENYING PETITIONER'S |
| | ) | RULE 59(e) MOTION |
| JOSE SANCHEZ-CARDENAS, | ) | |
| | ) | |
| Petitioner. | ) | |

BEFORE THE COURT is Petitioner's Motion For Reconsideration Pursuant To Rule 59(e) of the Federal Rules of Civil Procedure, ECF No. 350, filed on May 24, 2012.

## I. BACKGROUND

On November 13, 2009, this court entered its Order Denying Defendant's §2255 motion (ECF No. 299), which was amended on November 23, 2009 (ECF No. 300) to account for Petitioner's second §2255 motion, also filed on January 21, 2009. On January 11, 2010, Petitioner filed a motion for issuance of certificate of appealability (ECF No. 301). On March 1, 2010, this court entered an Order Denying Certificate of Appealability (ECF No. 305). On February 28, 2011, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability (ECF No. 329). On May 8, 2012, the Court entered an Order Denying Petitioner's Rule 60(b) Motion (ECF No. 349). Petitioner now seeks to have this Court

ORDER - 1

reconsider, pursuant to Rule 59(e), its decision regarding Petitioner's Rule 60(b) Motion. (ECF No. 350). The government did not respond to the instant motion.

## II. DISCUSSION

Petitioner argues in his Rule 59(e) motion that " . . .the district court misapprehends *Padilla,* which provides an [sic] strong basis to set aside a previous § 2255 petition judgment because petitioner's argument that the district court failed to rule on his ineffective assistance claim does not challenge the merits of the district court's resolution of his § 2255 petition, but only an alleged defect in the integrity of the earlier § 2255 proceedings. Thus, his Rule 60(b) motion presented a "true" Rule 60(b) claim and should not have been construed as challenging the district court's resolution of the merits of the claim." ECF No. 350 at 2.

One of the purposes of Rule 59(e) is to provide district courts the opportunity to correct significant errors of fact or law that are brought to their immediate attention, and thus spare the parties and appellate courts the burden of unnecessary appeals. *See e.g. Charles v. Daley*, 799 F.2d 343, 348 (7th Cir.1986); *Steigerwald v. Bradley*, 229 F.Supp.2d 445, 447 (D.MD.2002). A motion to alter or amend judgement under Rule 59(e) of the Federal Rules of Criminal Procedure is essentially a motion for reconsideration. Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000). The Ninth Circuit has consistently held that a motion brought pursuant to Rule 59(e) should only be granted in "highly unusual circumstances." *Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th

ORDER - 2

Cir.1999) (*citing School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).

Petitioner also appears to argue that the Court was incorrect with its statement that his Rule 60(b) motion was not raised within a reasonable time. Petitioner argues the Court did not take into account his appeal process under §2253(c) after the challenged order was entered. Even if the Court were in error by its timeliness comment due to the appeal process, the court has explained that Petitioner argued grounds for ineffective assistance of counsel at great lengths in his §2255 petition, which the court thoroughly addressed in the Orders Denying Defendant's §2255 Motion (ECF Nos. 299, 300).

Petitioner's attempt to rehash his ineffective assistance of counsel claim is not an appropriate use of a Rule 59(e) motion. Petitioner has not raised any legitimate reasons for amending his judgment and simply makes conclusory statements that the Court was in error under *Padilla v. Kentucky,* 130 S.Ct. 1473, 1480 (2010) and *Maples v. Thomas,* 132 S.Ct. 912, 922-27 (2012). Rule 59(e) reads:

> **Rule 59. New Trial; Altering or Amending a Judgment**
>
> (e) Motion to Alter or Amend a Judgment.
> A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Fed.R.Civ.P. 59(e).

Rule 59(e) permits a district court to reconsider and amend a previous order. *Kona Enter., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir.2000). With his present arguments, Petitioner essentially seeks reconsideration of the merits of his Section 2255 Motion, although with the 28 day limitation in Rule 59(e), he is actually seeking to alter/amend the Court's Order Denying Petitioner's Rule 60(b) Motion (ECF

ORDER - 3

No. 349). Petitioner suggests the court did not understand that his counsel failed to apprise him of "sentencing consequences" of a guilty plea that led to a 10-year mandatory minimum. The Court recognized these issues, and expressly addressed them in the November 23, 2009 order (ECF No. 300). Additionally, Petitioner has set forth no new grounds in his motion that warrant reconsideration or vacation of the Court's prior ruling(s) pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

This court has reviewed the record and concludes that Petitioner's filed pleading, styled as Motion for Reconsideration, under FRCP Rule 59(e), must be denied. Accordingly,

**IT IS ORDERED** that:

1. Mr. Sanchez-Cardenas' Motion For Reconsideration Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure," **ECF No. 350**, filed May 24, 2012, is respectfully **DENIED.**

2. The District Court Executive is directed to:

    (a)  File this Order; and

    (b)  Provide a copy to Petitioner **AND TO** the United States Attorney, Yakima, Washington.

**DATED** this 15th day of August, 2012.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 4